# EXHIBIT

# A

## SHORT TERM BRIDGE PROMISSORY NOTE

For value received **LifeBrand, Inc.**, a Delaware corporation (the "*Company*"), promises to pay to the undersigned holder or such party's assigns (the "*Holder*") the principal amount set forth under the Basic Terms ("**Basic Terms**") and pursuant the ("**Repayment Terms**") on or before the Maturity Dates of November 3, 2023 ("**Maturity Date 1**") or November 17, 2023 ("**Maturity Date 2**") (collectively "*Maturity Dates*") set forth below.

**1. Basic Terms.**

   (a) **Loaned Amount.** This Short Term Bridge Promissory Note (the "*Note*") is for a principal amount of Five Hundred Thousand Dollars ($500,000) ("Principal").

   (b) **Interest.** Twelve and Half Percent Interest (12.5%) if paid on or before **Maturity Date 1.** Fifteen Percent Interest (15%) on or before **Maturity Date 2.**

   (c) **Equity.** Holder will be appointed to the Advisory Board of Company for a two (2) year term, which includes a stipend of 12,500 shares of common stock in Company ("**Shares**") per year for a total of 25,000 shares for applicable services rendered as member of Advisory Board.

**2. Repayment Terms.**

   On or before the **Maturity Date 1**, Company shall pay Holder the Principal $ 500,000 plus 12.5% interest for a total interest amount of $62,500.

   On or before the **Maturity Date 2**, Company shall pay Holder the Principal $ 500,000 plus 15% interest for a total interest amount of $75,000.00.

**3. Miscellaneous.**

   (i) **Corporate Power.** The Company has all requisite corporate power to issue this Note and to carry out and perform its obligations under this Note. .

   (ii) **Authorization.** All corporate action on the part of the Company, the Board and the Company's stockholders necessary for the issuance and delivery of this Note has been taken. This Note constitutes a valid and binding obligation of the Company enforceable in accordance with its terms, subject to laws of general application relating to bankruptcy, insolvency, the relief of debtors and, with respect to rights to indemnity, subject to federal and state securities laws. Any securities issued under this Note will be validly issued, fully paid, nonassessable, free of any liens or encumbrances and issued in compliance with all applicable federal and securities laws notwithstanding being subject to the Restricted Stock Agreement.

   (iii) **Governmental Consents.** All consents, approvals, orders or authorizations of, or registrations, qualifications, designations, declarations or filings with, any governmental authority required on the part of the Company in connection with issuance of this Note has been obtained.

   (iv) **Compliance with Laws.** To its knowledge, the Company is not in violation of any applicable statute, rule, regulation, order or restriction of any domestic or foreign government or any instrumentality or agency thereof in respect of the conduct of its business or the ownership of its properties, which violation of which would have a Material Adverse Effect.

   (v) **Compliance with Other Instruments.** The Company is not in violation or default of any term of its certificate of incorporation or bylaws, or of any provision of any mortgage, indenture or contract to which it is a party and by which it is bound or of any judgment, decree, order or writ, other than such violation(s) that would not have a Material Adverse Effect. The execution, delivery and performance of this Note will not result in any such violation or be in conflict with, or constitute, with or without the

passage of time and giving of notice, either a default under any such provision, instrument, judgment, decree, order or writ or an event that results in the creation of any lien, charge or encumbrance upon any assets of the Company or the suspension, revocation, impairment, forfeiture, or nonrenewal of any material permit, license, authorization or approval applicable to the Company, its business or operations or any of its assets or properties. Without limiting the foregoing, the Company has obtained all waivers reasonably necessary with respect to any preemptive rights, rights of first refusal or similar rights, including any notice or offering periods provided for as part of any such rights, in order for the Company to consummate the transactions contemplated hereunder without any third party obtaining any rights to cause the Company to offer or issue any securities of the Company as a result of the consummation of the transactions contemplated hereunder.

(vi) **Use of Proceeds.** The Company shall use the proceeds of this Note solely for the operations of its business, and not for any personal, family or household purpose.

(vii) **Governing Law.** This Note shall be governed by and construed under the laws of the State of Delaware, as applied to agreements among Delaware residents, made and to be performed entirely within the State of Delaware, without giving effect to conflicts of laws principles.

(viii) **Binding Agreement.** The terms and conditions of this Note shall inure to the benefit of and be binding upon the respective successors and assigns of the parties. Nothing in this Note, expressed or implied, is intended to confer upon any third party any rights, remedies, obligations or liabilities under or by reason of this Note, except as expressly provided in this Note.

(ix) **Counterparts; Manner of Delivery.** This Note may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

(x) **Titles and Subtitles.** The titles and subtitles used in this Note are used for convenience only and are not to be considered in construing or interpreting this Note.

(xi) **Entire Agreement.** This Note constitutes the full and entire understanding and agreement between the parties with regard to the subjects hereof, and no party shall be liable or bound to any other party in any manner by any representations, warranties, covenants and agreements except as specifically set forth herein.

4. **Personal Guarantee.** Simultaneous with this Agreement, Thomas Colaiezzi will sign a personal guarantee in favor of Holder.

The parties have executed this **Promissory Note** as of the date first noted above.

COMPANY: LifeBrand, Inc.                     Holder: Ray Bartoszek

By: _____ 10-19-23              By: _____ 10/19/23

Thomas J. Colaiezzi                          Ray Bartoszek