# EXHIBIT

# B

## GUARANTY AGREEMENT

In consideration of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, this Guaranty Agreement (the "Guaranty") is executed as of October 19, 2023 (the "Effective Date") by Thomas J. Colaiezzi (the "Guarantor") to guarantee the full and prompt payment when due of all payments and liabilities required to be paid by LifeBrand, Inc. ( the "Debtor") to Ray Bartoszek (the "Creditor") pursuant to the Short Term Bridge Promissory Note executed by the Creditor and Debtor on October 19, 2023 (the "Guaranteed Contract ")

1. Creditor may at any time and from time to time, without notice to or consent by Guarantor, take any or all of the following actions without affecting or impairing the liability and obligations of the Guarantor on this Guaranty:

    a. grant an extension or extensions of time for payment of any payment or time for performance of any obligations in the Guaranteed Contract;

    b. grant an indulgence or indulgences in the payment or in the performance of any obligation in the Guaranteed Contract;

    c. modify or amend the Guaranteed Contract or any term thereof or any obligation of Debtor arising thereunder;

    d. consent to any assignment or assignments, by Debtor or by Debtor's successors or assigns;

    e. consent to an extension or extensions of the term of the Contract;

    f. accept other guarantees or guarantors; and/or

    g. release any person primarily or secondarily liable hereunder or under the Guaranteed Contract or under any other guarantee of the Guaranteed Contract.

2. The liability of the Guarantor under this Guaranty will not be affected or impaired by any failure or delay by Creditor in enforcing any payment or obligation of the Guaranteed Contract or this Guaranty or any security therefor or in exercising any right or power in respect thereto, or by any compromise, waiver, settlement, change, subordination, modification or disposition of any payment or obligation of the Guaranteed Contract or of any security therefor. In order to hold the Guarantor liable hereunder, there will be no obligation on the part of Creditor, at any time, to resort to Debtor or to any other guaranty or to any security or other rights and remedies for payment or performance, and Creditor will have the right to enforce this Guaranty irrespective of whether or not other proceedings or actions are pending or being taken seeking resort to or realization upon or from any of the foregoing.

3. The Guarantor waives all diligence in collection or in protection of any security, presentment, protest, demand, notice of dishonor or default, notice of acceleration or intent to accelerate, notice

of acceptance of this Guaranty, notice of any extensions granted or other action taken in reliance thereon and all demands and notices of any kind in connection with this Guaranty or any payment under the Guaranteed Contract.

4. The Guarantor hereby acknowledges full and complete notice and knowledge of all the terms, conditions, covenants, obligations and agreements of Short Term Bridge Promissory Note dated October 19, 2023 and pledges his personally owned real property located at 60 Arkansas Avenue, Ocean City, NJ as collateral under this Guaranty.

5. The payment by the Guarantor of any amount pursuant to this Guaranty will not in any way entitle the Guarantor to any right, title or interest (whether by subrogation or otherwise) of Debtor under the Short Bridge Promissory Note to any security being held for any payment under the Guaranteed Contract.

6. This Guaranty will be continuing and absolute, and will remain in full force and effect for the entire term of the Short Term Bridge Promissory Note. Notwithstanding anything contained herein to the contrary, this Guaranty shall automatically expire at the end of the term of the Short Term Bridge Promissory Note and shall afterwards have no further force and effect.

7. This Guaranty will also bind the heirs, personal representatives, successors and assigns of the Guarantor and will insure to the benefit of Creditor and Creditor's successors and assigns.

8. This Guaranty will be governed by and construed according to the laws of the State of Delaware. The situs for the resolution (including any judicial proceedings) of any disputes arising under or relating to this Guaranty will be federal or state courts situated in Delaware.

9. If this Guaranty is executed by more than 1 person, all singular nouns and verbs herein relating to the undersigned will include the plural number, the obligations of the several guarantors will be joint and several and Creditor may enforce this Guaranty against any 1 or more guarantors without joinder of any other guarantor (hereunder or otherwise).

10. Creditor and the undersigned intend and believe that each provision of this Guaranty comports with all applicable law. However, if any provision of this Guaranty is found by a court to be invalid for any reason, the remainder of this Guaranty will continue in full force and effect and the invalid provision will be construed as if it were not contained herein.

11. Guarantor will, from time to time, within ten (10) days after written request by Creditor, execute and deliver to such persons as Creditor may designate, an estoppel agreement certifying that this Guaranty is in full force and effect and further certifying such other matters as Creditor may reasonably require.

12. This Guaranty shall be cumulative of any such agreements and the liabilities and obligations of the undersigned Guarantor under this Guaranty shall not be affected or diminished by reason of any such other agreements. Moreover, if Creditor obtains another signature of more than one guarantor on this Guaranty or by obtaining additional guaranty agreements, or both, Guarantor agrees that Creditor, in Creditor's sole discretion, may:

a. bring suit against all guarantors of the Contract (including without limitation Guarantor) jointly and severally, or against any one or more of them,

b. compound or settle with any one or more of the guarantors (including, without limitation, Guarantor) for such consideration as Creditor may deem proper, and

c. release one or more of the guarantors from liability. No such action shall impair the rights of Creditor to enforce the Contract or any guaranty obligations against any remaining guarantor or guarantors, including the undersigned Guarantor.

13. Any notices to be sent to the Guarantor will be delivered to the following address(es): Thomas J. Colaiezzi 20-22 North Church Street, West Chester, Pennsylvania 19380.

IN WITNESS WHEREOF, the undersigned has executed this Guaranty on February 8, 2023. The undersigned, by affixing their signature hereto, affirm that they have read and understand the contents of this Guaranty.

Name: Thomas J. Colaiezzi

Title: Guarantor

Date: 10-19-23

Acknowledged By:

Name: Ray Bartoszek

10/19/23

Title: Creditor